USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/11/15

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,

Petitioner,

-against-

Steven Greenfield,

Respondent.

------------------------------------------------------------ X

**ORDER GRANTING PETITION AND DENYING MOTION TO QUASH**

14 MC 350

ALVIN K. HELLERSTEIN, U.S.D.J.:

Petitioner the United States of America ("Petitioner") has brought this action to enforce a Summons served on respondent Steven Greenfield ("Respondent") by the Internal Revenue Service ("IRS"). Respondent has objected to the Summons and this petition on several grounds, including invoking his Fifth Amendment privilege. Respondent has cross-filed a motion to quash the subpoena and to enjoin Petitioner from further enforcement proceedings. Oral argument was heard on this motion.

For the reasons stated below, Petitioner's petition is GRANTED and Respondent's motion is DENIED.

**I. Background**

On June 17, 2013, the IRS issued a Summons to Respondent, notifying him that the IRS was investigating his 2005 tax return. Respondent had been identified as an individual with a financial interest in foreign accounts as part of the record of hearings before the Senate Permanent Subcommittee on Investigations (the "PSI") held in June 2008 (the "PSI Documents"). Respondent and his late father founded the Maverick Foundation ("Maverick"),

an entity established with the Liechtenstein Global Trust ("LGT") in the principality of Liechtenstein, in January 1992. Respondent's father was designated the primary beneficiary and Respondent was designated as his father's Power of Attorney for Maverick, along with being designated a secondary beneficiary with his two sisters. That same month, Maverick created two wholly owned British Virgin Island corporations: Chiu Fu (Far East) Ltd. ("Chiu Fu") and TSF Company Ltd. ("TSF"). Publicly available documents demonstrate that LGT maintained an account for Maverick, TSF had an account with Standard Chartered Bank and Chiu Fu had an account with HSBC. Respondent did not report his interests in any of the above entities, or their accounts, to the IRS.

Respondent had been subpoenaed to testify at the PSI hearings held July 7, 2008. After refusing to attend that hearing, he attended a hearing on July 25, 2008, under threat of contempt-of-Congress. Respondent refused to answer questions put to him by the PSI, citing his Fifth Amendment privilege. Respondent's father passed away in December 2009, leaving Respondent in sole control of Maverick, Chiu Fu, and TSF.

Pursuant to the Summons, Respondent was required to appear on July 26, 2013, to produce for examination the documents requested by the Summons. On July 25, 2013, the IRS notified Respondent's counsel that the examination was expanded to the 2006 tax year as well.

On July 26, 2013, instead of Respondent appearing for his examination, Respondent's counsel sent a letter to the IRS objecting to the Summons for both the 2005 and 2006 tax years. The letter objected on numerous grounds, but did not claim any Fifth Amendment privilege. (*See* Ex. E to Petition, Dkt. No. 1.)

On August 7, 2014, the United States Department of Justice ("DOJ") agreed to narrow the scope of a document request. (*See* Ex. F to Petition, Dkt. No. 1.) Respondent's

counsel objected to the narrowed notice, arguing that Respondent would be "asserting his Fifth Amendment privilege with respect to the production of records called for in the [S]ummons". (*See* Ex. A. to Johnson Affirmation, Dkt. No. 10.) Respondent has produced no documents in response to the Summons.

On October 17, 2014, Petitioner filed the instant petition, seeking to enforce the narrowed Summons. Respondent cross-filed to quash the Summons on November 21, 2014. Oral argument on these motions was heard on January 20, 2015.

Petitioner subsequently narrowed its request even further in its Reply Memorandum of Law in Further Support of Petition to Enforce IRS Summons (Dkt. No. 15, corrected version Dkt. No. 23), limiting the request to only "documents associated with the entities and accounts identified in the PSI Hearings Record (*i.e.*, Maverick, Chiu Fu, TSF, Standard Chartered, HSBC, and Bank of Bermuda) that are responsive to the Bank Records Requests, Other Accounts Requests, LGT Requests, Ownership Requests, and Professional Services Requests". (Dkt. No. 23 at 21.)

## II. Discussion

### A. Enforcement of Summons.

The IRS is granted broad power to issue summonses under 26 U.S.C. § 7602 in order to monitor the self-reporting tax system in the United States. As the weight of case law makes clear, the role of the Court is a minimal one in overseeing the enforcement of summonses. The enforcement proceedings are "summary by nature", with the court asking "only whether the IRS issued a summons in good faith, and must eschew any broader role of overseeing the IRS's determinations to investigate". *United States v. Clarke*, 134 S.Ct. 2361, 2367 (2014) (internal citations and quotations omitted).

In order for a Summons to be enforced, Petitioner must show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed". *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

In this case, I find that Petitioner has met its burden under the *Powell* factors to prove that the Summons should be enforced. First, enforcement of the Summons is incident to a legitimate purpose: determining whether Respondent is liable for unpaid taxes for the 2005 and 2006 tax years. Second, the documents sought by Petitioner are relevant to determine Respondent's income and liabilities as they relate to the above-mentioned entities, which may encompass unreported tax liabilities for which Respondent owes Petitioner. Third, the IRS does not have the information already in its possession, and fourth, the IRS has followed all the administrative steps necessary to enforce the Summons.

**B. Fifth Amendment Privilege.**

Even when the *Powell* factors are met, there are circumstances in which an individual may not be required to produce documents requested by a subpoena. One of those circumstances is when a parties' Fifth Amendment privilege protects an individual from producing such documents. While the contents of business records are not protected by the Fifth Amendment's privilege against self-incrimination, *see Braswell v. United States*, 487 U.S. 99, 102, (1998), an 'act of production' privilege exists when the "*act of production* itself was (1) compelled, (2) testimonial, and (3) incriminating, in that compliance was the equivalent of forced testimony as to the existence, unlawful possession, and/or authenticity of the documents, as well as a belief that the produced documents matched those requested by the subpoena". *In re Three*

*Grand Jury Subpoenas Duces Tecum Dated Jan. 29, 1999*, 191 F.3d 173, 176 (2d Cir. 1999) (emphasis in original).

An exception exists to the 'act of production' privilege when "[t]he existence and location of the [documents] are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the [documents]", *Fisher v. United States*, 425 U.S. 391, 411 (1976), and the Government "can demonstrate with reasonable particularity that it knows of the existence and location of [those] documents", *In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 93 (2d Cir. 1993) (internal quotation marks omitted).

The instant case is analogous to *United States v. Gendreau*, 12 MC 303, 2014 WL 464754 (S.D.N.Y. Jan. 22, 2014). In that opinion, the Court found that records relating to another foundation that has or had accounts at LGT fell into the foregone conclusion exception, because the Government had specific knowledge of the accounts and the individual who controlled the accounts. Since the "test for production is control, not location, … [Respondent] would have control over the foundation's accounts, even if they are not in [his] immediate possession". *Id.* at *4.

Here, Petitioner's most narrowed request asks for business records relating to three identified entities: Maverick, Chiu Fu, and TSF, and three identified bank accounts: Standard Chartered, HSBC, and Bank of Bermuda. The existence of records relating to those three entities and their associated accounts is a foregone conclusion, and Respondent is ordered to produce them.

**D. Conclusion.**

Respondent must produce the following documents in his possession, custody, or control: documents associated with the accounts of Maverick, Chiu Fu, TSF, Standard Chartered, HSBC, and Bank of Bermuda, that are responsive to Petitioner's Bank Records, Requests, Other Accounts Requests, LGT Requests, Ownership Requests, and Professional Services Requests, as well as a copy of his passport and any additional documentation for trips already reflected in his passport, as these documents fall within the foregone conclusion exception to the act of production privilege under the Fifth Amendment.

For the foregoing reasons, the petition is GRANTED and Respondent's motion is DENIED. The Clerk shall mark the motion (Dkt. No. 9) terminated, and the case closed.

SO ORDERED.

Dated: February 11, 2015
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge